## No. 2012-1042

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

———————————

COMMIL USA, LLC,

*Plaintiff-Appellee,*

v.

CISCO SYSTEMS, INC.,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0341, Magistrate Judge Charles Everingham.

## COMMIL'S RESPONSE IN OPPOSITION TO CISCO'S PETITION FOR PANEL REHEARING AND REHEARING *EN BANC*

**SAYLES | WERBNER**
Mark S. Werbner
Richard A. Sayles
Mark D. Strachan
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
(214) 939-8700

**HEIM, PAYNE & CHORUSH**
Leslie V. Payne
Nathan J. Davis
Miranda Y. Jones
JP Morgan Chase Tower
600 Travis, Suite 6710
Houston, TX 77002
(713) 221-2000

August 12, 2013

*Attorneys for Plaintiff-Appellee,*
*Commil USA, LLC*

## CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellee Commil USA, LLC, certifies the following:

1.    The full name of every party or amicus represented by us is:

    Commil USA, LLC

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by us is:

    None.

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by us are:

    None.

4.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by us in the trial court or agency or are expected to appear in this court are:

    **Sayles Werbner, P.C.:** Richard A. Sayles, Mark S. Werbner, Mark D. Strachan, Eve L. Henson, Christopher W. Hogue, Eric D. Pearson, John A. Conway

    **Heim Payne & Chorush, LLP:** Leslie V. Payne, Nathan J. Davis, Miranda Y. Jones

Dated: August12, 2013                       /s/ Mark S. Werbner

                                             Mark S. Werbner

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................i

TABLE OF CONTENTS ...................................................................... ii

TABLE OF AUTHORITIES ............................................................... iii

INTRODUCTION ...................................................................................1

BACKGROUND ....................................................................................4

ARGUMENT ..........................................................................................6

A.   Cisco's Petition Demonstrates A Fundamental Error In The Reasoning The Majority Opinion Employed To Reach Its Holdings That A Good-Faith Belief Of Invalidity Is Relevant To Induced Infringement ..........6

B.   Cisco's Arguments Are Contrary To Existing Precedent Of This Court ........7

C.   Viewed In Context, *Witco* Does Not Support Cisco's Argument ...................8

D.   The District Court's Award Of A Partial New Trial Was Proper .................12

E.   Direct Infringement Was Not Tried Separately From Inducement ...............15

CONCLUSION .....................................................................................15

CERTIFICATE OF FILING AND SERVICE ......................................17

# TABLE OF AUTHORITIES

## Federal Cases

*Broadcom Corp. v. Qualcomm Inc.*,
  543 F.3d 683 (Fed. Cir. 2008) .......................................................3

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
  381 F.3d 1371 (Fed. Cir. 2004) ...................................................10

*Comaper Corp. v. Antec, Inc.*,
  596 F.3d 1343 (Fed. Cir. 2010) ...................................................10

*In Re Innotron Diagnostics*,
  800 F.2d 1077 (Fed. Cir. 1986) ...................................................11

*Markman v. Westview Instruments, Inc.*,
  517 U.S. 370 (1996)......................................................................9

*Medtronic, Inc. v. Cardiac Pacemakers, Inc.*,
  721 F.2d 1563 (Fed. Cir. 1983) .....................................................7

*Pandrol USA, LP v. Airboss Ry. Products, Inc.*,
  320 F.3d 1354 (Fed. Cir. 2003) .....................................................7

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  711 F.3d 1348 (Fed. Cir. 2013) ............................................... 9, 12

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
  107 U.S.P.Q. 2d 1113 (Fed. Cir. June 14, 2013)................................ 3, 4, 8

*Silicon Graphics, Inc. v. ATI Techs., Inc.*,
  607 F.3d 784 (Fed. Cir. 2010) .......................................................9

*Voda v. Cordis Corp.*,
  536 F.3d 1311 (Fed. Cir. 2008) ............................................... 3, 4, 8

*Warner-Lambert Co. v. Teva Pharms. USA, Inc.*,
  418 F.3d 1326 (Fed. Cir. 2005) ...................................................10

*Witco Chem. Corp. v. Peachtree Doors, Inc.*,
  787 F.2d 1545 (Fed. Cir. 1986) ......................................... 9, 10, 12

**Constitutional Provision**

U.S. CONST. amend. VII ................................................................... *passim*

# INTRODUCTION

The majority opinion in *Commil USA, LLC v. Cisco Systems, Inc.*, No. 2012-1042 (June 25, 2013) ("Majority Opinion") correctly found that issues of infringement and invalidity are "separate and distinct," such that granting a partial new trial on induced infringement—but not invalidity—does not constitute a violation of the Seventh Amendment.  In an effort to retry its invalidity defense on remand—a defense that has been rejected three times—Cisco erroneously claims that invalidity is "inextricably intertwined" with induced infringement.  Cisco rests its position on the Majority Opinion's holding that a good-faith belief of invalidity may negate the requisite intent for induced infringement, a novel holding that is the subject of Commil's co-pending Petition For *En Banc* Review ("Co-Pending Petition") filed July 25, 2013.

In arguing that this Court should take the Seventh Amendment issue *en banc*, Cisco avoids important underlying facts and ignores relevant precedent of this Court.  First, the District Court granted a partial new trial based on the prejudicial effects of *Cisco's counsel's* anti-Semitic comments against Commil, a determination which this Court affirmed.  Maj. Op. at 13-15.  Cisco seeks to benefit from its own bad conduct in demanding another opportunity to try its invalidity defenses, an opportunity that would result solely from its counsel's

improper trial tactics.  The Seventh Amendment does not require rewarding Cisco's improper conduct with another opportunity to try invalidity.

Second, Cisco is seeking to re-try the very invalidity arguments that this Court rejected as "without merit." Maj. Op. at 18. In a holding that Cisco has not contested in its Petition, the Panel affirmed the validity findings.[1] Further, the U.S.P.T.O. has confirmed the patentability of Commil's patent after Cisco instituted a reexamination proceeding.  This is not a case in which the first jury's invalidity verdict is suspect or lacking support.

Third, Cisco's alleged good-faith belief of invalidity is nothing but an attempt to present an improper mistake of law defense to a jury.  *See* Newman Dissent at 3.  Cisco denies any pre-suit knowledge of Commil's patent (although the jury heard evidence and rendered a verdict to the contrary).  Accordingly, it appears to be Cisco's position that it formed a "good-faith" belief of invalidity sometime after Commil filed suit, presumably on the advice of its litigation counsel.  A2322-2326.  Given (1) Cisco's belated formation of its alleged "good-faith" belief of invalidity, (2) the first jury's verdict that Commil's patent was not invalid, (3) this Court's rejection of Cisco's invalidity arguments as "without

---

[1] In her dissent, Judge O'Malley explains that she would limit re-trial of invalidity to the issues Cisco raised during the first trial, which were the subject of Cisco's rejected invalidity appeal.  *See* J. O'Malley Dissent at 6, n.4 (identifying "indefiniteness, lack of enablement, and lack of adequate written description").  Cisco abandoned and waived any claim of anticipation or obviousness by not asserting either theory during the first trial.

merit," and (4) the PTO's confirmation of the validity of Commil's patent in reexamination, Cisco's asserted "good-faith" belief of invalidity rings hollow.

The Majority Opinion correctly recognizes that even if two separate juries consider the same *evidence*, there is no Seventh Amendment violation where, as here, the juries are *not* deciding the same *issue*. *See* Maj. Op. at 17. It may be that the same evidence bears on two separate issues, but such a tenuous relationship between separate and distinct issues does not give rise to a Seventh Amendment violation.

Fourth, Cisco's Petition for Panel Rehearing or Rehearing *En Banc* ("Petition") does not even mention—much less attempt to reconcile—this Court's recent *en banc* statements addressing Seventh Amendment issues in *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 2011-1363, -1364, slip op. at 22-23 (Fed. Cir. June 14, 2013). In *Bosch*, the *en banc* Court recognized the holding in *Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008), that separate trials of infringement and willfulness—which will often involve a good-faith belief of non-infringement defense—do not constitute a Seventh Amendment violation.[2] *Id.* If infringement

_____

[2] Commil has explained that the relative intent requirements for willfulness and inducement counsel against a new "good-faith belief in invalidity" defense to inducement. Co-Pending Pet. at 8-9; Red Br. at 46-47; *see also Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008) ("[A] lack of culpability for willful infringement does not compel a finding of non-infringement under an inducement theory."). However, if the *en banc* Court accepts the Majority Opinion's decision on this issue of first impression, then *Bosch* is directly relevant to Cisco's Seventh Amendment argument.

and a good-faith belief of non-infringement defense are sufficiently "separate and distinct" so as to permit separate trial, then invalidity and a good-faith belief of invalidity must also be sufficiently separate and distinct so as to permit separate trial. This Court's statements in *Bosch* and *Voda* are directly analogous to the issue presented in Cisco's Petition and cannot be reconciled with Cisco's broad Seventh Amendment argument. Accepting Cisco's argument would require that this Court overturn its statements in *Voda* and its recent *en banc* statement in *Bosch* that approved *Voda's* holding.[3]

The panel's decisions on the issues for which Cisco seeks rehearing *en banc* were correctly decided and are fully consistent with this Court's precedent. Cisco's Petition should be denied.

## BACKGROUND

A first trial on infringement, validity, and damages was held in May 2010. Throughout the first trial, Cisco's counsel "attempted to play upon religious prejudices and ethnic stereotypes," Maj. Op. at 12, making improper comments about Commil, a company based in Israel, and the Jewish background of Commil's

---

[3] Although the Court did not take *Bosch en banc* to determine Seventh Amendment issues, *see* slip op. at 22, there can be little doubt that accepting Cisco's position would require overruling portions of *Bosch*. For example, *Bosch* commits the question of whether to "bifurcate willfulness and damages issues from liability issues in any given case" to the district court's discretion. Slip op. at 26. If bifurcating willfulness from infringement would be a *per se* Seventh Amendment violation (as the rule of law sought by Cisco would dictate), district courts would have little, if any, room to exercise discretion.

owner and inventors. *See, e.g.*, A5823 (139:19-140:1); A5825(147:22-148:8); A6038-39 (16:14-17:21; 20:19-20); A6041(29:18-22). The first jury determined that Commil's patent was not invalid, Cisco directly infringed, but Cisco did not induce infringement. A136-39. The first jury adopted Cisco's damages model and awarded damages of $3,726,207, which suggests that Cisco gained traction with its arguments to the jury painting Commil as foreign, greedy "bottom-feeders" who acquired the patent through shady dealings in Israel and sought to "fly back home . . . with a sack full of Cisco's money that belongs to Cisco and its employees here in Texas." A2046; A139; A6041(29:18-22). The District Court determined that Cisco's remarks warranted a partial new trial, as Cisco had "align[ed] Cisco's counsel's religious preference with that of the jurors and employ[ed] an 'us v. them' mentality—i.e., 'we are Christian and they are Jewish.'" A6.

The District Court ordered a second partial trial on induced infringement and damages. After the second trial, the second jury returned a verdict that Cisco induced its customers' infringement and awarded damages of $63,791,153. A163-64. On appeal, the panel unanimously affirmed the District Court's grant of a new trial in view of Cisco's counsel's prejudicial remarks. Moreover, the Majority Opinion affirmed that the grant of a partial new trial of only induced infringement and damages did not violate the Seventh Amendment. In addition, under a *de novo* review standard, the panel affirmed that Commil's patent is not invalid for a lack

of enablement.  The panel also affirmed that Commil's patent is not invalid on the basis of indefiniteness or a lack of an adequate written description. In its Petition, Cisco has not challenged any of the panel's determinations regarding validity.

## ARGUMENT

**A.**   **Cisco's Petition Demonstrates A Fundamental Error In The Reasoning The Majority Opinion Employed To Reach Its Holding That A Good-Faith Belief Of Invalidity Is Relevant To Induced Infringement.**

Cisco's Petition is premised on the *en banc* Court's acceptance of the Majority Opinion's holding (on an issue of first impression) that a good-faith belief of *invalidity* may negate the requisite intent for induced *infringement*, which is the subject of Commil's Co-Pending Petition.  *See* Co-Pending Pet. at 5.  Yet Cisco's Petition itself underscores a fundamental inconsistency in the Majority Opinion's reasoning.  Namely, the Majority Opinion states "[w]e see no principled distinction between a good-faith belief of invalidity and a good-faith belief of non-infringement for the purpose of whether a defendant possessed the specific intent to induce infringement of a patent."  Maj. Op. at 10.  One significant reason for such a distinction, as Judge Newman's dissent recognizes,[4] is that "patent infringement and invalidity are separate and distinct issues," which the Majority Opinion itself recognizes in affirming the grant of the partial trial.  Maj. Op. at 16.

In discarding this longstanding distinction and holding that a good-faith belief of invalidity defense to induced infringement exists, the Majority Opinion

---

[4] Newman Dissent at 5.

spurs Cisco's Seventh Amendment argument that invalidity and induced infringement are intertwined. As Commil argues in the Co-Pending Petition, the *en banc* Court should reconsider the Majority Opinion's holding on whether a good-faith belief of invalidity may negate the requisite intent for induced infringement. If this Court were to take this issue *en banc* and reject the Majority Opinion's new "good-faith belief of invalidity" defense to induced infringement, Cisco's Seventh Amendment argument would lose all force, as Cisco rests its position that induced infringement and invalidity are "inextricably intertwined" on the Majority Opinion's creation of this new defense.

**B.    Cisco's Arguments Are Contrary To Existing Precedent Of This Court.**

Cisco's Petition seeks to have this Court overturn its long-standing precedent that patent infringement and invalidity are in fact separate and distinct issues. *See, e.g.*, *Pandrol USA, LP v. Airboss Ry. Products, Inc.*, 320 F.3d 1354, 1364-65 (Fed. Cir. 2003) (This Court "has long recognized that patent infringement and invalidity are separate and distinct issues."); *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983) ("Though an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity.").

Acceptance of Cisco's argument would require overturning recent *en banc* statements of this Court. In *Bosch*, slip op. at 22, the majority opinion recognized that issues of infringement and willfulness are not so interwoven that trying them separately violates the Seventh Amendment. *See also Voda*, 536 F.3d at 1329 (rejecting an "argument that, under the Seventh Amendment, a new trial on willfulness would require a new trial on infringement."). The Majority Opinion held that the circumstances here are analogous, Maj. Op. at 17 (citing *Voda*), as defenses to willfulness may include a good-faith belief of invalidity and a good-faith belief of non-infringement. The *Bosch en banc* opinion's recognition of *Voda's* holding that willfulness (which may include a good-faith belief of *non-infringement* defense) and *infringement* can be tried separately requires rejection of Cisco's argument that induced infringement (including Cisco's alleged good-faith belief of *invalidity* defense) and *invalidity* cannot be tried separately. Cisco's Petition does not mention—much less address—the conflict between its argument and the *en banc* Court's statements in *Bosch*, as well as *Voda*. Ignoring the contrary precedent of this Court, however, does not eliminate the conflict.

## C.   Viewed In Context, *Witco* Does Not Support Cisco's Argument.

While Cisco does not mention this Court's cases that are most closely related to its Seventh Amendment argument, *i.e.*, *Bosch* and *Voda*, the only case that Cisco cites does not actually support its argument when viewed in context.

*See* Pet. at 2, 6 (citing *Witco Chem. Corp. v. Peachtree Doors, Inc.*, 787 F.2d 1545, 1549 (Fed. Cir. 1986)).  The relevant paragraph of *Witco* states:

> Infringement is a question of fact to be determined by the jury.  In order to determine infringement, the *scope of disputed claims* must be construed in light of the patent's specification and prosecution history.  Here the *arguments against infringement* are indistinguishably woven with the factual underpinnings of the validity and enforceability determinations and the subject matter of the contract.

*Id.* (internal citations omitted) (emphases added).  *Witco* appears to find the issues of infringement, invalidity and enforceability interwoven based on the scope of disputed claims.  Of course, the Supreme Court later altered the relationship between these issues when it held "that the construction of a patent, including terms of art within its claim, is exclusively within the province of the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).

In other words, *Markman's* allocation of all issues of claim construction to the court eliminates any underlying concern that different juries may apply different claim scopes that could result in inconsistent verdicts or juror confusion.  Subsequent cases of this Court implicitly recognize this by routinely permitting separate trials of validity, infringement, and enforceability.  *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1366 (Fed. Cir. 2013) (providing that a district court may determine whether to try separately infringement and invalidity); *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 802 (Fed. Cir. 2010) (affirming jury verdict of validity but remanding

infringement); *Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1349, 1354-55 (Fed. Cir. 2010) (affirming jury verdict of infringement but remanding for new trial on invalidity); *Warner-Lambert Co. v. Teva Pharms. USA, Inc.*, 418 F.3d 1326, 1348 (Fed. Cir. 2005) (affirming enforceability but remanding for a new trial on infringement); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 381 F.3d 1371, 1374 (Fed. Cir. 2004) (remanding for new trial on infringement, while reinstating the previous verdict of validity).

*Witco* carefully limited the application of its holding to the specific facts of that case, stating "it is inappropriate, *in light of the evidence presented and arguments made at this trial*, to have one jury return a verdict on the validity, enforceability and contract questions while leaving the infringement questions to a second jury," and "*[h]ere* the arguments against infringement are indistinguishably woven with the factual underpinnings of the validity and enforceability determinations and the subject matter of the contract." *Witco*, 787 F.2d at 1549 (emphases added). *Witco* does not hold that invalidity is always "inextricably intertwined" with infringement, such that a separate trial necessarily constitutes a Seventh Amendment violation, as Cisco implies in its Petition. *See* Pet. at 6 (omitting the limiting words "*Here the*" from the *Witco* quotation).

Cisco argues that separately trying its alleged good-faith belief of invalidity from invalidity "would invariably risk confusion or inconsistent determinations."

Pet. at 7. But Cisco is wrong. First, there is no risk of inconsistent determinations. Even if two separate juries consider the same evidence, the juries are not deciding the same *issue*. *See* Maj. Op. at 17; *In Re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986) (Even if "the same testimony and documents may be placed before two juries, [the Seventh Amendment] argument would nonetheless fail, for it has been well said that 'the prohibition is not against having two juries review the same evidence, but rather against having two juries decide the same essential issues.'"). In general, under the Majority Opinion's reasoning, which states that "the jury need not decide whether the underlying position was meritorious," Maj. Op. at 17, it would not be inconsistent for a jury to find credible evidence of a good-faith belief of invalidity such that it negates an infringer's intent to induce infringement of a patent, even if the patent was determined to be not invalid.

Second, with respect to juror confusion, much of the evidence in Cisco's proffer at the second trial amounts to little more than an improper attempt to re-try the *merits* of its invalidity defenses. A2325-2326 (*e.g.*, testimony from Cisco's invalidity experts that Commil's patent is invalid). While it would be confusing to allow expert testimony to the jury about the *merits* of the invalidity defenses, the Majority Opinion instructs that such evidence is not relevant, as "the jury need not decide whether the underlying position was meritorious." Maj. Op. at 17. But rather, under the Majority Opinion, the question put to the jury is "whether Cisco

11

possessed that belief in good-faith." *Id.* Once the evidence is properly limited to what is relevant to the question of whether Cisco had a good-faith belief of invalidity (as opposed to whether its litigation counsel and retained experts could manufacture arguments for litigation), there is no risk of a Seventh Amendment violation. Contrary to Cisco's argument, separate trials of induced infringement and invalidity does *not* risk "confusion or inconsistent determinations."

## D.    The District Court's Award Of A Partial New Trial Was Proper.

Cisco's Petition urges that the *en banc* Court adopt the reasoning and conclusion of the O'Malley Dissent. *See, e.g.*, Pet. at 7-8. But even under the reasoning of the O'Malley Dissent, the District Court's award of a partial new trial was appropriate. The O'Malley Dissent states that "[w]hether and when a new trial on all issues is required must be determined 'only after considering the totality of the circumstances and by answering: "How may the ends of justice be served?"'" O'Malley Dissent at 10-11 (quoting *Witco*, 787 F.2d at 1549). The District Court was in the best position to make such a determination and did so when considering—and ultimately granting—a partial new trial. A12 ("[T]his court is in the best position to evaluate the prejudicial effect of Cisco's counsel's improper religious comments on Commil's substantial rights and the jury's verdict."); *see Power Integrations*, 711 F.3d at 1366 ("If, *in its discretion*, the district court finds that any such new, material issues may be tried separately without prejudice, the

court may limit any new trial accordingly.") (emphasis added).  This is not an issue that is suited for *en banc* consideration in this Court.

In any event, the totality of the circumstances does *not* suggest that justice requires a retrial of Cisco's invalidity positions.  First and foremost, Cisco is attempting to use statements of its *own counsel* that were described by the panel opinions in this Court as "inflammatory" (Maj. Op. at 14) and "reprehensible" (J. O'Malley Dissent at 11)—and that were found to have prejudiced the jury *against Commil*—as a basis for giving *Cisco* another chance to re-try its rejected invalidity defenses.  Rewarding Cisco's improper conduct would be antithetical to concepts of justice.  The O'Malley Dissent speculates that Cisco's own anti-Semitic comments may have somehow prejudiced the jury *against Cisco*—instead of Commil—stating: "it could be that the jury was so incensed by its counsel's conduct that they held it *against Cisco* by refusing to invalidate Commil's patent, despite a contrary view of the evidence."  O'Malley Dissent at 9 (emphasis added). It is exceedingly unjust to create such a presumption that works *against* the target of the improper prejudicial conduct and *in favor of* the bad actor.  Moreover, there is little room for "a contrary view of the evidence," as Judge O'Malley suggests, as the judgment that Commil's patent is not invalid was affirmed by the panel as "*without merit*," Maj. Op. at 18, and the PTO confirmed the patentability of Commil's claims during reexamination.

The weakness of Cisco's alleged "good-faith belief in invalidity" also counsels against using its assertion of this defense as a basis for ordering a new trial of validity. Cisco's offer of proof in the second trial consisted of evidence alleged to support four grounds of invalidity: (1) anticipation; (2) obviousness; (3) a lack of an adequate written description and (4) a lack of enablement. A2322-26. But during the first trial, Cisco did not even present defenses based on anticipation or obviousness. A138. It strains logic for Cisco to now argue that justice requires that it be given a second opportunity to try defenses that it did not view as worth trying the first time around. The two remaining defenses—written description and enablement—were rejected in the panel opinion as "without merit," Maj. Op. at 18, which Cisco's Petition does not challenge.

The O'Malley Dissent also suggests that a partial new trial was inappropriate in this specific case, cautioning that "partial retrials should be avoided whenever circumstances indicate 'there is reason to think that the verdict may represent a compromise among jurors with different views on whether defendant was liable.'" O'Malley Dissent at 8. This is pure speculation, as there is no specific evidence that the validity verdict here may represent a compromise among jurors. Commil's success during the reexamination proceedings at the USPTO as well as the panel opinion's holding that Cisco's indefiniteness, non-enablement, and lack of written description arguments were "without merit" belies any speculation that there were

improper compromises among the jurors. Maj. Op. at 18.  It was not unreasonable for the District Court to conclude after witnessing the trial that the jury's award of low damages was the result of Cisco's attempts to play on prejudices against the Jewish background of Commil's owner and inventors.

**E.    Direct Infringement Was Not Tried Separately From Inducement.**

Confusingly, Cisco also requests that this Court take a second Seventh Amendment issue *en banc*.  Pet. at 8-11.  Acknowledging that not one panel member in the three separate opinions addressed this issue, Cisco claims that separation of "the trial of direct and induced infringement" violated Cisco's Seventh Amendment rights.  But there was no such separation.  While Commil did not pursue damages based on Cisco's direct infringement at the second trial, Commil was required to prove as part of inducement at the second trial "that Cisco actively and knowingly aided and abetted [its customers'] direct infringement." A6389 (98:19-23).  Accordingly, the underlying direct infringement that supported the jury's verdict of induced infringement was not tried separately.  This issue does not warrant *en banc* review.

## CONCLUSION

Cisco's Petition should be denied.

Respectfully submitted,

/s/ Mark S. Werbner
  Mark S. Werbner
  Richard A. Sayles
  Mark D. Strachan
  **SAYLES ǀ WERBNER**
  4400 Renaissance Tower
  1201Elm Street
  Dallas, TX 75270
  (214) 939-8700


  Leslie V. Payne
  Nathan J. Davis
  Miranda Y. Jones
  **HEIM, PAYNE & CHORUSH**
  JP Morgan Chase Tower
  600 Travis, Suite 6710
  Houston, TX 77002
  (713) 221-2000

*Counsel for Plaintiff-Appellee*
*Commil USA, LLC*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 12th day of August, 2013, I caused Commil's Response in Opposition to Cisco's Petition for Panel Rehearing and Rehearing *En Banc* to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> William F. Lee
> William G. McElwain
> Johnathan W. Andron
> Mark C. Fleming
> Felicia H. Ellsworth
> WILMER CUTLER PICKERING HALE
> 60 State Street
> Boston, Massachusetts 02109
> (617) 526-6000
>
> *Counsel for Appellant*

I further certify that on 12th day of August, 2013, the required number of copies of the foregoing were hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit.

/s/ Mark S. Werbner

| | |
|---|---|
| Leslie V. Payne | Mark S. Werbner |
| Nathan J. Davis | Richard A. Sayles |
| Miranda Y. Jones | Mark D. Strachan |
| **HEIM, PAYNE & CHORUSH** | **SAYLES \| WERBNER** |
| JP Morgan Chase Tower | 4400 Renaissance Tower |
| 1201 600 Travis, Suite 6710 | 1201 Elm Street |
| Houston, TX 77002 | Dallas, TX 75270 |
| (713) 221-2000 | (214) 939-8700 |

*Counsel for Plaintiff-Appellee*
*Commil USA, LLC*