No. 2012-1042

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

COMMIL USA, LLC,

*Plaintiff-Appellee*,

*v.*

CISCO SYSTEMS, INC.,

*Defendant-Appellant*.

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0341, Magistrate Judge Charles Everingham

## CISCO'S OPPOSITION TO COMMIL'S PETITION FOR REHEARING EN BANC

HENRY B. GUTMAN
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

JEFFREY E. OSTROW
HARRISON J. FRAHN IV
PATRICK E. KING
JONATHAN SANDERS
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
(650) 251-5000

August 12, 2013

WILLIAM F. LEE
MARK C. FLEMING
JONATHAN W. ANDRON
FELICIA H. ELLSWORTH
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

WILLIAM G. MCELWAIN
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000

## CERTIFICATE OF INTEREST

Counsel for Cisco Systems, Inc. certifies the following:

1.     The full name of every party or amicus represented by us is:

Cisco Systems, Inc.

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by us is:

Not applicable

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by us are:

No other corporation or publicly held company owns 10 percent or more of the stock of Cisco Systems, Inc.

4.     The names of all law firms and the partners or associates who appeared for the party now represented by us in the trial court or agency or are expected to appear in this Court are:

**Wilmer Cutler Pickering Hale and Dorr LLP**:    William F. Lee, William G. McElwain, Mark C. Fleming, Jonathan Andron, and Felicia H. Ellsworth

**Simpson Thacher and Bartlett LLP**:  George M. Newcombe, Henry B. Gutman, Jeffrey E. Ostrow, Harrison J. Frahn, IV,  Patrick E. King, Victor Cole, and Jonathan C. Sanders

**Ireland Carroll & Kelley, P.C.**:  James Patrick Kelley, Otis W. Carroll, Jr., and Jack Wesley Hill

**Potter Minton P.C.:** Michael E. Jones and Patrick Colber Clutter, IV

**Findlay Craft, LLP**: Eric Hugh Findlay

**Ward & Smith**: Jack Wesley Hill

Dated:  August 12, 2013

_____
            /s/  William F. Lee
                William F. Lee

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTEREST ................................................................i

TABLE OF AUTHORITIES ................................................................ iii

INTRODUCTION ...............................................................................1

ARGUMENT .......................................................................................1

I.  THE PANEL'S UNANIMOUS APPLICATION OF THE SUPREME
    COURT'S DECISION IN *GLOBAL-TECH* DOES NOT WARRANT
    FURTHER REVIEW ..........................................................................1

II. THE PANEL CORRECTLY RULED THAT INTENT TO INDUCE
    INFRINGEMENT CAN BE NEGATED BY A GOOD-FAITH BELIEF IN
    THE PATENT'S INVALIDITY ..............................................................7

CONCLUSION .................................................................................11

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*,
    501 F.3d 1307 (Fed. Cir. 2007) ................................................................10

*Akamai Technologies, Inc. v. Limelight Networks, Inc.*,
    692 F.3d 1301 (Fed. Cir. 2012) ..............................................................5, 6

*Broadcom Corp. v. Qualcomm Inc.*,
    543 F.3d 683 (Fed. Cir. 2008) ..................................................................10

*DSU Medical Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) ..............................................................4, 5

*Ecolab, Inc. v. FMC Corp.*,
    569 F.3d 1335, *amended on reh'g in part*,
    366 F. App'x 154 (Fed. Cir. 2009) ............................................................9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011).............................................1, 2, 3, 4, 5, 8

*In re Bill of Lading Transmission & Processing System Patent
    Litigation*,
    681 F.3d 1323 (Fed. Cir. 2012) ..................................................................6

*Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*,
    554 F.3d 1010 (Fed. Cir. 2009) ..................................................................9

*Medtronic, Inc. v. Cardiac Pacemakers, Inc.*,
    721 F.2d 1563 (Fed. Cir. 1983) ..................................................................8

*Merial Ltd. v. Cipla Ltd.*,
    681 F.3d 1283 (Fed. Cir. 2012) ..................................................................6

*Rick's Mushroom Service, Inc. v. United States*,
    521 F.3d 1338  (Fed. Cir. 2008) ..................................................................4

*SynQor, Inc. v. Artesyn Technologies, Inc.*,
    709 F.3d 1365 (Fed. Cir. 2013) ..............................................................6, 7

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ........................................................................9

## STATUTES AND RULES

35 U.S.C. § 271(b) ..............................................................................................2, 3

Fed. R. App. P. 35(b) ..............................................................................................5

## INTRODUCTION

Cisco Systems, Inc. respectfully opposes the petition for rehearing en banc filed by Commil USA, LLC.

Commil's petition presents two questions that the panel resolved in a manner consistent with the Supreme Court's and this Court's precedent.  The panel's grant of a new trial in light of the district court's legally erroneous jury instruction breaks no new ground, but simply applies the Supreme Court's decision in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011), on its terms.  Likewise, the panel's determination that a defendant accused of induced infringement may oppose the charge that it specifically intended to induce infringement by pointing to a good-faith belief that the patent was invalid is correct.  Neither issue merits or requires the consideration of the full Court.

## ARGUMENT

I.    **THE PANEL'S UNANIMOUS APPLICATION OF THE SUPREME COURT'S DECISION IN *GLOBAL-TECH* DOES NOT WARRANT FURTHER REVIEW**

Commil claims (Commil Pet. 3) that the Supreme Court's decision in *Global-Tech* "dealt with a narrow issue (whether actual knowledge of the patent was required)."  But Commil does not even quote the Supreme Court's own framing of the issue or its express holding:

- "*We consider whether* a party who 'actively induces infringement of a patent' under 35 U.S.C. § 271(b) *must know that the induced acts constitute patent infringement*."

*Global-Tech*, 131 S. Ct. at 2063 (emphasis added).

- "Accordingly, *we now hold* that induced infringement under § 271(b) requires *knowledge that the induced acts constitute patent infringement*."

*Id.* at 2068 (emphasis added).  As the panel unanimously ruled, the Supreme Court nowhere limited its holding to a requirement that the defendant actually know of (or be willfully blind to) only the *existence* of the asserted patent.  J. Prost Op. 8 ("A finding of inducement requires *both* knowledge of the existence of the patent and 'knowledge that the induced acts constitute patent infringement.'"  (quoting *Global-Tech*, 131 S. Ct. at 2068)).

   The reasoning in the Supreme Court's *Global-Tech* opinion only confirms the correctness of the panel's requirement of knowledge not merely of the patent's existence, but also that the induced acts actually infringe the patent.  The Supreme Court disapproved of an approach that "permit[ted] a finding of knowledge when there is merely a 'known risk' *that the induced acts are infringing*."  131 S. Ct. at 2071 (emphasis added).  The Supreme Court also stated that inducement liability under a "willful blindness" theory "requires active efforts by an inducer to avoid

knowing about ***the infringing nature of the activities***." *Id.* (emphasis added).

And the Supreme Court's ultimate affirmance of the defendant's liability for

inducement depended on the conclusion (stated twice) that the defendant "willfully

blinded itself to the ***infringing nature***" of a third party's sales. *Id.* at 2071, 2072

(emphasis added). Thus the Supreme Court addressed not only the required

knowledge of the patent's existence, but also actual knowledge of (or willful

blindness to) "the infringing nature of the activities," *i.e.*, that the third party's

conduct constituted infringement. That is consistent with the Supreme Court's

view that inducement liability has "an appropriately limited scope" confined to

defendants who can "almost be said to have actually known the critical facts" that

constitute "wrongdoing." *Id.* at 2070-2071. A defendant that only knew of the

patent's existence, but did not know that third-party conduct would infringe it,

cannot be said to have actually known "the critical facts" that would make

encouragement of such conduct wrongful.[1]

Given the Supreme Court's express holding and reasoning, the panel's

unanimous disapproval of the jury instruction given in this case—which allowed

---

[1]    Of course, proof of "knowledge that the induced acts constitute patent infringement" necessarily *includes* knowledge of the patent's existence. The Supreme Court discussed that particular issue in depth in *Global-Tech* because the defendant's "principal challenge" in that case was to a determination that liability could be based on a finding of "deliberate indifference to a known risk that a patent exists." *Global-Tech*, 131 S. Ct. at 2068. But that in no way narrows the Supreme Court's express holding that Section 271(b) requires "knowledge that the induced acts constitute patent infringement." *Id.*

the jury to apply a negligence or "should have known" standard (J. Prost Op. 8)—was plainly correct. In fact, the Supreme Court has specifically disapproved of the very standard that Commil seeks to revive. *See Global-Tech*, 131 S. Ct. at 2071 (rejecting "[t]he test applied by the Federal Circuit in this case … [because] it permits a finding of knowledge when there is merely a 'known risk' that the induced acts are infringing"). Because the negligence instruction rejected in *Global-Tech* had been based on certain statements in this Court's prior decision in *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc), the panel correctly concluded that the Supreme Court's disapproval of such an instruction—and its express holding and reasoning rejecting a "should have known" standard—amounted to an implicit overruling of *DSU*. While the Supreme Court did not *expressly state* that it was overruling *DSU* (*see* Commil Pet. 3, 12), it did not need to; the Supreme Court is not required to identify every court of appeals decision that is partially abrogated by its judgments. Rather, the courts of appeals are expected to recognize such abrogation, and the panel did exactly that in this case. *See, e.g.*, *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1346 n.4 (Fed. Cir. 2008) ("[T]o the extent that the Federal Circuit's analysis in *Lopez* is in any way inconsistent with the Supreme Court's analysis in *Hercules*, the Supreme Court has effectively overruled *Lopez*.").

- 4 -

Accordingly, as Cisco argued and the panel recognized, the district court's jury charge—instructing the jury that Cisco could be liable for induced infringement if it "should have known" that its customers infringed Commil's patent—improperly allowed the jury to find inducement if it concluded that Cisco was merely negligent. That "should have known" jury instruction is flatly inconsistent with the Supreme Court's requirement that inducement liability have "an ***appropriately limited scope that surpasses*** recklessness and negligence." *Global-Tech*, 131 S. Ct. at 2070 (emphasis added); *see also id.* at 2071 (distinguishing a willfully blind defendant from a negligent defendant by stating that "a negligent defendant is ***one who should have known*** of a similar risk but, in fact, did not" (emphasis added)). The panel thus correctly ruled that, to the extent that *DSU* endorsed a "knew or should have known" standard for induced infringement (*DSU*, 471 F.3d at 1306), that portion of *DSU* is no longer good law.[2]

Contrary to Commil's assertion (Commil Pet. 13-14), this Court's post-*Global-Tech* decisions do not support Commil's argument. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012) (en banc), articulated the same standard for inducement announced by the Supreme Court in *Global-Tech*

---

[2]    To the extent Commil argues that the panel's ruling is incorrect because the jury instructions when viewed as a whole contained the correct standard (Commil Pet. 10-11), this argument is not only incorrect, it fails to satisfy the standard for granting rehearing en banc, which limits rehearing to only those cases presenting questions or issues of "exceptional importance." Fed. R. App. P. 35(b).

and applied by the panel here: "Unlike direct infringement, induced infringement is not a strict liability tort; it requires that the accused inducer act ***with knowledge that the induced acts constitute patent infringement***." *Id.* at 1308 (emphasis added) (citing *Global-Tech*, 131 S. Ct. at 2068). While the Court in *Akamai* also cited *DSU* for propositions ***other*** than its now-abrogated "knew or should have known" standard, that only demonstrates that those ***other parts*** of *DSU* remain good law—a proposition wholly consistent with the panel's decision.

The fact that other panels of this Court have cited *DSU* alongside *Global-Tech* is also irrelevant. The cases Commil cites—*Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (Fed. Cir. 2012), and *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)—did not involve review of any jury instruction, let alone an instruction that allowed the jury to premise liability for inducement on mere negligence. Instead, those cases cite *Global-Tech* and *DSU* for the unremarkable proposition that inducement requires knowing and intentional conduct—a proposition likewise consistent with the panel's decision.

Indeed, in *SynQor, Inc. v. Artesyn Technologies, Inc.*, 709 F.3d 1365 (Fed. Cir. 2013)—a decision Commil brought to the panel's attention well before the panel ruled (*see* Citation of Supplemental Authority pursuant to Fed. R. App. P. 28(j) (Mar. 18, 2013))—the Court recognized that a "should have known"

instruction "might be erroneous" in isolation. 709 F.3d at 1379. While the error in

*SynQor* was rendered harmless by other developments at the trial, the error was

**compounded** in this case, where Commil emphasized the "should have known"

language in its summation. Cisco Opening Br. 37. Commil's petition notably does

not challenge the panel's conclusion that the instructional error here had a

prejudicial effect (J. Prost Op. 7-8)—an issue that would not merit full Court

review in any event.

Accordingly, the panel correctly applied Supreme Court precedent in ruling

that the jury in this case was erroneously instructed and that a new trial is required.

Commil has shown no reason for the en banc Court to review that ruling.

## II. THE PANEL CORRECTLY RULED THAT INTENT TO INDUCE INFRINGEMENT CAN BE NEGATED BY A GOOD-FAITH BELIEF IN THE PATENT'S INVALIDITY

Commil's other argument in support of rehearing is likewise flawed. After

noting that "[u]nder our case law, it is clear that a good-faith belief of non-

infringement is relevant evidence that tends to show that an accused inducer lacked

the intent required to be held liable for induced infringement" (J. Prost Op. 9

(citing cases)), the panel correctly ruled that there is "no principled distinction

between a good-faith belief of invalidity and a good-faith belief of non-

infringement for the purpose of whether a defendant possessed the specific intent

to induce infringement of a patent." *Id.* at 10. Nothing in Commil's petition calls

the correctness of that holding into question.

As it did in its briefing and argument before the panel, Commil fails to appreciate the distinction between direct infringement and induced infringement. *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563 (Fed. Cir. 1983), the primary case relied upon by Commil—and the case it identifies in its Rule 35(b) statement (Commil Pet. 1)—involves only direct infringement, not induced infringement. This is an important difference: while ***direct*** infringement—a strict liability tort—can be committed even if the infringer has a good-faith belief in the patent's invalidity, that says nothing about whether the same conclusion applies to ***induced*** infringement, which is not a strict liability tort. As the panel ruled, both the analysis and conclusion are different where induced infringement is concerned.

Moreover, Commil's argument that a good-faith belief in invalidity cannot be a defense to inducement ignores *Global-Tech*, which refuses to view inducement in a vacuum, but rather establishes that intent to induce infringement requires "knowledge that the induced acts constitute patent infringement." 131 S. Ct. at 2068. That means not only knowledge of the patent's existence, but also knowledge that the allegedly induced acts will amount to infringement of a valid patent. The panel opinion does nothing more than recognize that an accused inducer cannot ***know*** that its customers infringe a valid patent if it has a good-faith basis for thinking the patent invalid.

Commil offers dire predictions about the effect the panel's common-sense

holding will have on patent protection (Commil Pet. 9), but its arguments would apply with equal force to a defense based on a good-faith belief in ***non-infringement***, which this Court has long recognized as a defense to inducement.  J. Prost Op. 9 (a good-faith belief in non-infringement "is relevant evidence that tends to show that the accused inducer lacked the intent required to be held liable for induced infringement").  Indeed, in *Ecolab, Inc. v. FMC Corp.*, this Court noted that "even though [the defendant's] product was ultimately found to infringe," the jury had substantial evidence from which to conclude that the defendant lacked the intent required for induced infringement because the defendant "reasonably believed that the use of [its product] would not infringe." 569 F.3d 1335, 1351, *amended on reh'g in part*, 366 F. App'x 154 (Fed. Cir. 2009).  Commil identifies no difference between *Ecolab* (and the many other cases in which a good-faith belief in non-infringement has been credited by a jury or a court as negating the intent required for induced infringement[3]) and this case, where Cisco's good-faith belief in the invalidity of Commil's patent is "relevant evidence" that Cisco lacks the specific intent required for liability for induced

---

[3]     *See, e.g.*, *Kinetic Concepts, Inc. v. Blue Sky Med. Group, Inc.*, 554 F.3d 1010, 1024-1025 (Fed. Cir. 2009) (affirming jury verdict of no induced infringement where "[t]he jury heard [defendant's] founders explain why they did not believe they were infringing"); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1329 (Fed. Cir. 2009) ("The original product instructions do not evidence a specific intent to encourage infringement, since they teach a stirring action which Basic could have reasonably believed was non-infringing.").

infringement.  J. Prost Op. 9.

Finally, Commil's argument that the defense of a good-faith belief in invalidity should be limited to claims of willful infringement (Commil Pet. 8-9) is completely unsupported.  Whatever level of intent is required to prove willful infringement, proving induced infringement requires showing that the accused inducer possessed "specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 698 (Fed. Cir. 2008) (quoting *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007)). The accused inducer must be allowed to present, in rebuttal to a charge of specific intent, any evidence that tends to negate that specific intent—regardless of whether such evidence is also a recognized defense to a charge of willfulness.

## CONCLUSION

For the foregoing reasons, Commil's petition for rehearing en banc should be denied.

Respectfully submitted,

/s/  William F. Lee

HENRY B. GUTMAN
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017
(212) 455-2000

JEFFREY E. OSTROW
HARRISON J. FRAHN IV
PATRICK E. KING
JONATHAN SANDERS
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA  94304
(650) 251-5000

August 12, 2013

WILLIAM F. LEE
MARK C. FLEMING
JONATHAN W. ANDRON
FELICIA H. ELLSWORTH
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

WILLIAM G. MCELWAIN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2013, I caused a true and accurate copy of the foregoing Opposition to Commil's Petition for Rehearing En Banc to be served upon the following counsel of record by ECF:

| | |
|---|---|
| MARK S. WERBNER<br>RICHARD A. SAYLES<br>MARK D. STRACHAN<br>SAYLES WERBNER<br>4400 Renaissance Tower<br>1201 Elm Street<br>Dallas, TX 75270 | LESLIE V. PAYNE<br>NATHAN J. DAVIS<br>MIRANDA Y. JONES<br>HEIM, PAYNE & CHORUSH, LLP<br>600 Travis, Suite 6710<br>Houston, TX 77002 |

_____/s/  William F. Lee_____
William F. Lee