NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**COMMIL USA, LLC,**
*Plaintiff-Appellee*

v.

**CISCO SYSTEMS, INC.,**
*Defendant-Appellant*

2012-1042

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0341, Magistrate Judge Charles Everingham.

**O R D E R**

PER CURIAM.

On June 25, 2013, we issued an opinion affirming-in-part, vacating-in-part, and remanding to the district court for further proceedings consistent with our opinion. On May 26, 2015, the Supreme Court entered a judgment vacating our decision and remanding the case back to us. We subsequently recalled the mandate and reopened the case.

On June 12, 2015, Cisco filed a statement for continued panel review, asking the panel to "retain the case and decide the unresolved noninfringement arguments raised previously in Cisco's original appeal briefs, which urged

that Cisco could not be held liable for induced infringement because there was no substantial evidence that Cisco's customers practiced all limitations of the claimed method." ECF No. 95 at 7. According to Cisco, our resolution of Cisco's noninfringement arguments has the potential to dispose of the case and render any further trial proceedings unnecessary. Cisco does not seek additional briefing or argument, but instead submits that the panel can resolve the noninfringement issues based on the briefs and oral argument already received.

On July 1, 2015, we invited a response from Commil. On July 15, 2015, Commil filed its response, stating that Commil "is not opposed to this Court deciding the issues related to direct infringement" but arguing that Cisco be bound by any decision that we render. ECF No. 100 at 2. Unlike Cisco, Commil asks that the parties be permitted to submit supplemental briefing.

In consideration of the parties' submissions, we now request supplemental briefing addressing Cisco's arguments that it is not liable for induced infringement because its customers do not directly infringe the patent-in-suit.

IT IS ORDERED THAT:

(1) Cisco's brief is due 14 days from the date of this order and is limited to 10 double-spaced pages.

(2) Commil's responsive brief is due 14 days thereafter and is limited to 10 double-spaced pages.

(3) Cisco's reply brief is due 7 days thereafter and is limited to 5 double-spaced pages.

FOR THE COURT

July 21, 2015                    /s/ Daniel E. O'Toole
   Date                           Daniel E. O'Toole
                                  Clerk of Court